ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING WHETHER A CERTIFIED DENTAL ASSISTANT WHO IS EMPLOYED BY THE COLLEGE OF DENTISTRY IS ELIGIBLE FOR APPOINTMENT TO THE BOARD OF GOVERNORS AS A PUBLIC REPRESENTATIVE. BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES, THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
IN YOUR LETTER YOU ASKED, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. IS A PERSON PREVENTED, THROUGH CONFLICT OF INTEREST OR STATUTORY PROHIBITION, FROM SERVING ON THE BOARD OF GOVERNORS OF REGISTERED DENTISTS WHILE EMPLOYED BY THE COLLEGE OF DENTISTRY?
 2. IS A CERTIFIED DENTAL ASSISTANT ELIGIBLE FOR APPOINTMENT AS A PUBLIC REPRESENTATIVE MEMBER OF THE BOARD OF GOVERNORS OF REGISTERED DENTISTS?
TO ANSWER THE FIRST QUESTION, IT IS IMPORTANT TO REVIEW BOTH STATUTORY MANDATES AND JUDICIAL INSTRUCTION. THE ETHICS COMMISSION ACT FOUND AT 74 O.S. 4202(53) (1992) DEFINES A STATE EMPLOYEE AS:
 "AN ELECTED OR APPOINTED OFFICER OR EMPLOYEE OF THE EXECUTIVE, JUDICIAL, OR LEGISLATIVE BRANCH OF STATE GOVERNMENT, EXCEPT MEMBERS OF THE HOUSE OF REPRESENTATIVES OR STATE SENATE AND AN EMPLOYEE, OTHER THAN AN ADJUNCT PROFESSOR, IN THE SERVICE OF AN INSTITUTION OF HIGHER EDUCATION COMPRISING THE OKLAHOMA STATE SYSTEM OF HIGHER EDUCATION(.)" 59 O.S. 4241(A)(6) PROVIDES:
 "NO STATE EMPLOYEE SHALL . . . ACCEPT OR SOLICIT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES."
BY DEFINITION, BOARD MEMBERS, AS APPOINTED OFFICERS, ARE CONSIDERED EMPLOYEES FOR THE PURPOSES OF THE ETHICS COMMISSION ACT. THEREFORE, BOARD MEMBERS ARE GOVERNED BY 59 O.S. 4241(A)(6), WHICH PROHIBITS SUCH PERSONS FROM ACCEPTING OTHER EMPLOYMENT WHICH WOULD IMPAIR THEIR INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF THEIR PUBLIC DUTIES. WHETHER WORKING FOR THE COLLEGE OF DENTISTRY WOULD IMPAIR A BOARD MEMBER'S INDEPENDENCE OF JUDGMENT IS A QUESTION OF FACT WHICH CANNOT BE ANSWERED BY THIS OFFICE. 74 O.S. 18B(E). THE QUESTION MUST BE EVALUATED IN LIGHT OF THE PARTICULAR FACTS AND CIRCUMSTANCES OF THE TWO POSITIONS. THE OKLAHOMA SUPREME COURT HAS PROVIDED SOME GUIDANCE FOR THOSE WHO SERVE THE PUBLIC. IN WESTINGHOUSE ELECTRIC CORPORATION V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713 (OKLA.1986), THE COURT ISSUED A STRONG ADMONITION TO PUBLIC OFFICIALS:
 "GOVERNMENT AGENCIES ARE UNIQUELY ENDOWED WITH THE POWER TO IMPLEMENT THE PUBLIC WILL, AND AS SUCH, ARE SUBJECT TO THE HIGHEST LEVELS OF SCRUTINY BY THE PEOPLE WHOM THEY SERVE. GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH."
720 P.2D AT 717, 718. IT IS IMPORTANT THAT BOARD MEMBERS BE AWARE OF THE ETHICS COMMISSION ACT AND THE COURT'S ADMONITION TO AVOID EVEN THE APPEARANCE OF A CONFLICT OF INTEREST. WHETHER AN INDIVIDUAL CAN BE EMPLOYED BY THE COLLEGE OF DENTISTRY WHILE SERVING AS A BOARD MEMBER IS A QUESTION WHICH CANNOT BE ANSWERED AS A MATTER OF LAW. IT IS A QUESTION OF FACT AS TO WHETHER A BOARD MEMBER'S INDEPENDENCE OF JUDGMENT WOULD BE IMPAIRED OR A CONFLICT OF INTEREST WOULD EXIST BY THAT MEMBER WORKING FOR THE COLLEGE OF DENTISTRY.
QUESTION TWO IS AN ISSUE OF STATUTORY INTERPRETATION. IN CONSTRUING A STATUTE, THE CARDINAL RULE IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE BY CONSIDERING THE LANGUAGE OF THE STATUTE AS A WHOLE IN LIGHT OF ITS GENERAL PURPOSE. TXO PRODUCTION V. OKLAHOMA CORPORATION COMMISSION, 829 P.2D 964, 969 (OKL.1992). TITLE 59 O.S. 328.7, REGARDING THE APPOINTMENT OF A PUBLIC MEMBER PROVIDES IN PART:
 "THE TWO PUBLIC REPRESENTATIVE MEMBERS SHALL BE APPOINTED BY THE GOVERNOR SUBJECT TO CONFIRMATION BY THE SENATE. THE MEMBERS REPRESENTING THE PUBLIC MAY NOT BE DENTISTS, DENTAL SURGEONS, DENTAL HYGIENISTS OR DENTAL TECHNICIANS, OR BE RELATED BY BLOOD OR MARRIAGE WITHIN THE THIRD DEGREE TO ANY SUCH PERSON. EACH MEMBER SHALL HOLD OFFICE FOR A PERIOD OF THREE (3) YEARS AND UNTIL HIS/HER TERM EXPIRES AND/OR HIS/HER SUCCESSOR IS SELECTED AND QUALIFIED."
THE LIST OF INDIVIDUALS WHO ARE PROHIBITED FROM SERVING AS PUBLIC BOARD MEMBERS IS EVIDENCE OF THE LEGISLATIVE INTENT TO PRECLUDE AN INDIVIDUAL ASSOCIATED WITH THE FIELD OF DENTISTRY FROM SERVING AS A PUBLIC MEMBER. THE LIST INCLUDES NOT ONLY DENTISTS AND DENTAL SURGEONS BUT ALSO DENTAL HYGIENISTS AND DENTAL TECHNICIANS.
IN ADDITION, ANY PERSON RELATED BY BLOOD OR MARRIAGE WITHIN THE THIRD DEGREE TO THESE INDIVIDUALS WHO ARE PROHIBITED FROM BEING ON THE BOARD IS ALSO PRECLUDED FROM BEING A BOARD MEMBER. THIS PROHIBITION FURTHER DEMONSTRATES THE INTENT OF THE STATUTE TO KEEP THE PUBLIC MEMBER TRULY UNTAINTED BY PERSONAL INTEREST IN THE DENTAL PROFESSION. THE PURPOSE OF TITLE 59 O.S. 328.7 (1991), TO PROVIDE FOR "PUBLIC MEMBERS" WOULD BE DESTROYED IF A CERTIFIED DENTAL ASSISTANT IS ALLOWED TO SERVE IN A PUBLIC BOARD MEMBER POSITION. "STATUTES MUST BE READ IN MANNER WHICH EFFECTUATES RATHER THAT FRUSTRATES THE MAJOR PURPOSE OF THE LEGISLATIVE DRAFTSMAN." MATTER OF ESTATE OF SHUNKAMOLAH, 800 P.2D 1079,1082 (OKL.APP.1990) (CITATION OMITTED).
FURTHERMORE, IT IS NOT UNCOMMON FOR THE LEGISLATURE TO ESTABLISH GOVERNING BOARDS FOR PROFESSIONS AND CALL FOR LAY PEOPLE TO SERVE ON THEM. INTERPRETING 328.7 TO PRECLUDE DENTAL ASSISTANTS FROM SERVING AS PUBLIC BOARD MEMBERS IS CONSISTENT WITH OTHER STATE BOARDS. FOR EXAMPLE, IN 59 O.S. 396, WHICH GOVERNS APPOINTMENTS TO THE OKLAHOMA STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS, THE LEGISLATURE PROVIDES FOR TWO PUBLIC MEMBERS. THE STATUTE REQUIRES TWO MEMBERS OF THE BOARD TO BE CHOSEN FROM THE "GENERAL PUBLIC." THE STATUTE FURTHER DIRECTS THAT "SUCH MEMBERS SHALL NOT BE LICENSED FUNERAL DIRECTORS OR EMBALMERS OR HAVE ANY INTEREST DIRECTLY OR INDIRECTLY, IN A FUNERAL ESTABLISHMENT OR ANY BUSINESS DEALING IN FUNERAL SERVICE, SUPPLIES OR EQUIPMENT." THE STATUTORY INTENT TO HAVE PUBLIC MEMBERS COMPLETELY REMOVED FROM THE FUNERAL BUSINESS IS EVIDENT. THE STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS LIKEWISE PROVIDES FOR A LAY MEMBER IN 59 O.S. 1354 (1991). TITLE 59 O.S. 15.2, GOVERNING THE COMPOSITION OF THE BOARD OF PUBLIC ACCOUNTANCY, MANDATES THAT THE LAY MEMBER NOT BE A CERTIFIED PUBLIC ACCOUNTANT OR LICENSED PUBLIC ACCOUNTANT.
THESE STATUTES SHOW AN INTENT BY THE LEGISLATURE TO REQUIRE LAY MEMBERS ON BOARDS OF THIS NATURE TO BE COMPLETELY DETACHED FROM THE PROFESSIONS THE BOARDS ARE DESIGNED TO REGULATE. NOT ONLY ARE DENTAL ASSISTANTS REGULATED BY THE DENTAL BOARD, BUT THE "DENTAL ASSISTANT" OCCUPATION DOES NOT EXIST OUTSIDE THE FIELD OF DENTISTRY. BECAUSE THE OCCUPATION OF DENTAL ASSISTANT IS SO INTERTWINED WITH PRACTICE OF DENTISTRY IT WOULD BE INAPPROPRIATE FOR A PERSON CERTIFIED AS A DENTAL ASSISTANT SO SERVE ON THE BOARD AS A PUBLIC MEMBER. AS THE INTENT OF THE STATUTE INDICATES, A PUBLIC MEMBER SHOULD BE COMPLETELY REMOVED FROM ANY PERSONAL INTEREST IN THE PRACTICE OF DENTISTRY.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED ATTORNEY THAT WHETHER A CONFLICT OF INTEREST OR STATUTORY PROHIBITION PREVENTS A PERSON FROM SERVING ON THE BOARD OF GOVERNORS OF REGISTERED DENTISTS WHILE EMPLOYED BY THE COLLEGE OF DENTISTRY IS A QUESTION OF FACT.
(L. MICHELLE STEPHENS)